**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **CHIN HUI HOOD,** | : | |
| | : | **Civil Action Number:** |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **JEJE ENTERPRISES, INC. and JOSEPH LEE,** | : | **Jury Trial Demanded** |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Chin Hui Hood ("Ms. Hood"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendants JeJe Enterprises, Inc. ("JeJe") and Joseph Lee and ("Mr. Lee") and shows the Court as follows:

### INTRODUCTION

1.

Ms. Hood brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*., (hereinafter "the FLSA") to recover due but unpaid overtime compensation, an additional like amount as liquidated damages and her costs of litigation, including her reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because JeJe is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Ms. Hood resides in Cobb County, Georgia.

5.

JeJe employed Ms. Hood as a Store Manager at a retail clothing store located at 1000 S. Lake Mall, Morrow, Georgia from June 2011 until July 19, 2014.

6.

At all times material hereto, Ms. Hood has been an "employee" of JeJe as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or June 2011 through and until July 19, 2014, Ms. Hood was "engaged in commerce" as an employee of JeJe as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

During the relevant time period, two or more employees of JeJe or its related entities, including Ms. Hood, used the following instrumentalities of commerce in the performance of its commercial purposes: U.S. Mail, interstate phone service, interstate computer networks, interstate traveling systems and interstate banking services that included transactions across state lines.

9.

During the relevant time period, two or more employees of JeJe or its related entities, including Ms. Hood, used or handled the following items that moved in interstate commerce that were necessary for performing JeJe's commercial purposes: electronics, retail clothing stock, fashion accessories, shipping supplies and hanging implements.

10.

JeJe is a corporation organized under the laws of the State of Georgia.

11.

At all times material hereto, JeJe was an "employer" of Ms. Hood as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

From on or about June 2011 through and until July 19, 2014, JeJe was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

During 2011, JeJe had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2012, JeJe had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2013, JeJe had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2014, JeJe had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2011, JeJe had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2012, JeJe had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2013, JeJe had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2014, JeJe had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2011, JeJe had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2012, JeJe had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2013, JeJe had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

24.

During 2014, JeJe had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

25.

During 2011, JeJe had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

During 2012, JeJe had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

During 2013, JeJe had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

During 2014, JeJe had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

At all times material hereto, JeJe was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

30.

JeJe is subject to the personal jurisdiction of this Court.

31.

JeJe may be served with process through its registered agent Joseph Lee at 7140 Handbell Lane, Duluth, Georgia 30097.

32.

Mr. Lee resides within Fulton County, Georgia.

33.

At all times material hereto, Mr. Lee exercised operational control over the work activities of Ms. Hood.

34.

At all times material hereto, Mr. Lee was involved in the day to day operation of the JeJe retail clothing store in which Ms. Hood worked.

35.

At all times material hereto, JeJe vested Mr. Lee with supervisory authority over Ms. Hood.

36.

At all times material hereto, Mr. Lee exercised supervisory authority over Ms. Hood.

37.

At all times material hereto, Mr. Lee scheduled Ms. Hood's working hours or supervised the scheduling of Plaintiff's working hours.

38.

At all times material hereto, Mr. Lee exercised authority and supervision over Ms. Hood's compensation.

39.

At all times material hereto, Mr. Lee has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

40.

Mr. Lee is subject to the personal jurisdiction of this Court.

41.

Mr. Lee may be served with process at his residence located at 7140 Handbell Lane, Duluth, Georgia 30097.

42.

At all times material hereto, JeJe did not employ Ms. Hood in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

43.

At all times material hereto, JeJe did not employ Ms. Hood in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

44.

At all times material hereto, JeJe did not employ Ms. Hood in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

45.

At all times material hereto, JeJe did not employ Ms. Hood in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

46.

During the relevant time period, Ms. Hood did not exercise discretion in making significant business decisions.

47.

During the relevant time period, Ms. Hood's primary duty was to operate the cash register, assist customers, set up displays and clean the store.

48.

During the relevant time period, Defendants compensated Ms. Hood at a rate of $820.00 per week regardless of the number of hours she worked.

49.

At all times material hereto, Defendants classified Ms. Hood as exempt from the maximum hours provision of the FLSA.

50.

At all times material hereto, Ms. Hood was not exempt from the maximum hour provision of the FLSA by reason of any exemption.

51.

At all times material hereto, Defendants classified Ms. Hood as an independent contractor.

52.

Ms. Hood was not an independent contractor in that she did not control her own schedule, she provided no risk capital to JeJe, she had no ability to profit from her own efforts and because she had no discretion in the running of JeJe.

53.

At all times material hereto, Defendants' classified Ms. Hood as an independent contractor in an attempt to avoid the maximum hours provisions of the FLSA.

## COUNT I - FAILURE TO PAY OVERTIME

54.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

55.

At all times material hereto, Ms. Hood has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

56.

During her employment with Defendants, Ms. Hood regularly worked in excess of forty (40) hours each week.

57.

Defendants failed to pay Ms. Hood at one and one half times her regular rate for work in excess of forty (40) hours in any week from July 2011 through July 19, 2014.

58.

Defendants willfully failed to pay Ms. Hood at one and one half times her regular rate for work in excess of forty (40) hours in any week from July 2011 through July 19, 2014.

59.

Ms. Hood is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

60.

As a result of the underpayment of overtime compensation as alleged above, Ms. Hood is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

61.

As a result of the underpayment of overtime compensation as alleged above, Ms. Hood is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Ms. Hood respectfully prays:

1. That her claims be tried before a jury;

2. That she be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That she be awarded her costs of litigation, including her reasonable attorneys' fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                        *DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC*

                                        */S/CHARLES R. BRIDGERS*
                                        CHARLES R. BRIDGERS

3100 CENTENNIAL TOWER           GA. BAR NO. 080791
101 MARIETTA STREET
ATLANTA, GEORGIA 30303           */S/ KEVIN D. FITZPATRICK, JR.*
(404) 979-3171                             KEVIN D. FITZPATRICK, JR.
(404) 979-3170 (f)                      GA. BAR NO. 262375
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com      **COUNSEL FOR PLAINTIFF**