IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHIN HUI HOOD, | : |
| | : Civil Action Number: |
| Plaintiff, | : |
| | : 1:14-cv-2405-AT |
| vs. | : |
| | : |
| JEJE ENTERPRISES, INC. and JOSEPH LEE, | : |
| | : |
| Defendants. | : |

**JOINT MOTION FOR REVIEW AND APPROVAL
OF SETTLEMENT AND RELEASE AGREEMENT**

Plaintiff Chin Hui Hood and Defendants JeJe Enterprises, Inc., and Joseph Lee move this Court to review and approve their Settlement Agreement and Release and in support thereof, show the Court as follows:

1.

This is an FLSA case. Plaintiffs filed their Complaint [Dkt. 1] on July 25, 2014, , alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*

2.

On September 12, 2016, the Court entered an Order [Dkt. 57] directing the parties to engage in mediation before the next available Magistrate Judge.

3.

On September 29, 2016, the parties met in mediation before Magistrate Judge Janet F. King. [Dkt. 59]

4.

The Parties, acting at arms-length, in good faith and with the advice of counsel and the assistance of the Magistrate Judge, have negotiated and entered into a Settlement Agreement and Release ("The Agreement").

5.

A copy of the Agreement is attached hereto as Exhibit "A".

6.

Pursuant to Lynn's Food Stores, Inc. v. United States of Am., 679 F.2d 1350, 1353 (11th Cir. 1982), judicial approval is required to give effect to Plaintiffs' release of their FLSA claims, which is material to the Agreement.

7.

In determining whether the Agreement is fair and reasonable, the Court should consider the following factors:

(1) the existence of collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits;

(5) the range of possible recovery; and

(6) the opinions of counsel.

See *Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. 2007). There is a strong presumption in favor of finding a settlement to be fair. *Edwards v. CFR Sales & Marketing*, 2011 U.S. Dist. Lexis 134705)(citing *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977)).

8.

The amounts of backpay and liquidated damages in the settlement represent a compromise between the positions of the parties.

9.

The undersigned counsel submit that the Agreement is reasonable in both terms and amounts.

10.

The compromise was warranted because of the lack of records setting forth actual compensation and work hours and the uncertainty of successfully litigating both the disputed factual issues concerning the Defendants' assertion of FLSA § 213 executive and administrative exemptions and Plaintiff's 26 U.S.C. § 7434 claims.

11.

Plaintiffs reviewed this documentation with their counsel and elected to accept the amounts set forth in the Agreement in full settlement of their claims against Defendants.

12.

The agreed upon attorneys' fees and costs is also a compromise. The amounts agreed upon total approximately ninety percent (90%) of the amount billed by Plaintiff's counsel at rates previously approved in this District.

13.

Once the Court approves the Agreement, and all Payments are made, the Parties will file a Stipulation of Dismissal of this case with prejudice.

14.

The parties request that the Court retain jurisdiction over this matter and incorporate the Agreement into its Order granting this Motion.

15.

Pursuant to LR 7.1, NDGa, the below signatory attorneys certify that this motion was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in local LR 5.1 C, NDGa.

WHEREFORE, the Parties respectfully request that this Court review and approve their Settlement Agreement and Release of Claims. For the Court's convenience, a proposed Order granting this Motion is attached hereto as Exhibit "A".

Respectfully submitted,

| | |
|---|---|
| **DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC** | **NGUYEN TRAN LAW FIRM, LLC** |
| *s/ Kevin D. Fitzpatrick, Jr.* <br> Kevin D. Fitzpatrick, Jr. <br> Georgia Bar No. 262375 | *s/ Douglas D. Nguyen* <br> Douglas D. Nguyen <br> Georgia Bar No. 943190 |
| *s/ Charles R. Bridgers* <br> Charles R. Bridgers <br> Georgia Bar No. 080791 | *s/ Quynh-Nga T. Tran* <br> Quynh-Nga T. Tran <br> Georgia Bar No.286606 |
| 3100 Centennial Tower <br> 101 Marietta Street <br> Atlanta, GA 30303 <br> (404) 979-3150 <br> (404) 979-3170 (facsimile) <br> kevin.fitzpatrick@dcbflegal.com <br> charlesbridgers@dcbflegal.com | 3100 Five Forks Trickum Road <br> Suite 301 <br> Lilburn, GA 30047 <br> (770) 837-3795 <br> (678) 306-3429 (facsimile) <br> dougnguyen@nt-law.com <br> qtran@nt-law.com |
| COUNSEL FOR PLAINTIFFS | COUNSEL FOR DEFENDANTS |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHIN HUI HOOD, | : |
| | : Civil Action Number: |
| Plaintiff, | : |
| | : 1:14-cv-2405-AT |
| vs. | : |
| | : |
| JEJE ENTERPRISES, INC. and JOSEPH LEE, | : |
| | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on the date shown on the Court's time stamp above, he filed the foregoing JOINT MOTION FOR REVIEW AND APPROVAL OF SETTLEMENT AND RELEASE AGREEMENT using the CM/ECF system, which will automatically send email notification of such filing to the all attorneys of record, including:

>Douglas D. Nguyen'
>Quynh Nga T. Tran

Respectfully submitted,

>*s/Kevin D. Fitzpatrick, Jr.*
>Kevin D. Fitzpatrick, Jr.
>Ga. Bar No. 262375
>Counsel for Plaintiffs

6