## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is made and entered into this 12th day of October 2016 (the "Effective Date") by and between: Chin Hui Hood, ("Plaintiff") her heirs, executors, administrators, successors, and assigns; JeJe Enterprises, Inc., ("JeJe") and Joseph Lee, individually ("Lee") (JeJe and Lee collectively, "Defendants") who agree as follows:

## RECITALS

**WHEREAS** JeJe employed Hood from June 2011 through July 2014; and

**WHEREAS** Plaintiff filed a civil action ("the Lawsuit") against Defendants on July 25, 2014 in the United States District Court for the Northern District of Georgia styled *Hood v. JeJe Enterprises, et al,* 1-14-cv-2405-AT; seeking statutory damages for alleged due but unpaid overtime compensation and claims arising under 26 U.S.C. § 7434; and

**WHEREAS** the Parties participated in mediation with the assistance of the Honorable Janet King on September 29, 2016; and

**WHEREAS**, during this mediation was concluded by the Parties' mutual acceptance of a mediator's proposal; and

**WHEREAS** this Agreement represents compromises on behalf of both parties and does not constitute an admission of liability by Defendants; and

[1]

**WHEREAS** in full settlement of all claims that were raised or could have been raised in the Lawsuit, the parties have set forth their Agreement in writing;

**NOW THEREFORE,** in consideration of the mutual agreements, promises, and warranties set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above Recitals, and Parties agree as follows:

## Consideration

In consideration for Plaintiff's (1) execution of this Agreement, (2) her promise to comply with its terms, (3) her promise to fully and completely settle the claims that were asserted or could have been asserted against Defendants in the Lawsuit, and (4) her promise to dismiss the Lawsuit with prejudice, Defendants will pay Plaintiff and her counsel a total sum of Eighty-One Thousand, Five Hundred Dollars ($81,500) ("the Settlement Amount") as follows:

Within five (5) days of the execution of this Agreement, Defendants shall issue one half of the Settlement Amount to Plaintiffs' counsel, at 3100 Centennial Tower, 101 Marietta Street, NW, Atlanta, GA 30303, as follows;

1) One check made payable to "Chin Hui Hood" in the amount of Five-Thousand Dollars ($5,000.00) in W2 wages as backpay, less applicable

[2]

deductions for state and federal taxes, which Plaintiff's counsel will hold in trust pending judicial approval of this Agreement.

2) One check made payable to "Chin Hui Hood" in the amount of Eight Thousand Seven Hundred Fifty Dollars ($8,750) without deductions as liquidated damages and damages arising under 26 U.S.C. § 7434, for which JeJe shall issue Plaintiff an IRS Form 1099 designating this amount under box 3 as non-wage earnings, and which funds Plaintiff's counsel will hold in trust pending judicial approval of this Agreement.

3) One check made payable to "Kevin D. Fitzpatrick, Jr. Attorney IOLTA Account" in the amount of Twenty Seven Thousand Dollars ($27,000), for costs of litigation including Plaintiff's reasonable attorneys' fees, for which JeJe shall issue counsel an IRS Form 1099 designating this amount under box 3 as non-wage earnings, which funds Plaintiff's counsel will hold in trust pending judicial approval of this Agreement.

Within the latter of thirty (30) of the execution of this Agreement or ten (10) days after judicial approval of this Agreement, Defendants shall issue the remaining one half of the Settlement Amount to Plaintiffs' counsel as follows;

1) One check made payable to "Chin Hui Hood" in the amount of Five-Thousand Dollars ($5,000.00) in W2 wages as backpay, less applicable deductions for state and federal taxes and for which Defendants;

2) One check made payable to "Chin Hui Hood" in the amount of Eight Thousand Seven Hundred Fifty Dollars ($8,750) for which JeJe shall issue Plaintiff an IRS Form 1099 designating this amount under box 3 as non-wage earnings, without deductions in liquidated damages and damages arising under 26 U.S.C. § 7434; and

3) One check made payable to "Kevin D. Fitzpatrick, Jr. Attorney IOLTA Account" in the amount of Twenty Seven Thousand Dollars ($27,000), for costs of litigation including Plaintiff's reasonable attorneys' fees, which funds Plaintiff's counsel will hold in trust pending judicial approval of this Agreement.

### Judicial Approval

With the exception of the first payment by Defendants, performance of the obligations under this Agreement are conditioned upon prior judicial approval of this Agreement. Upon execution of this Agreement, the Parties will promptly and jointly submit a motion in the Lawsuit seeking such approval. Upon such approval

and payment of all sums due hereunder, Plaintiff's counsel shall prepare and file a Stipulation of Dismissal with Prejudice in the Lawsuit.

**Release**

Subject to judicial approval and in consideration of the benefits inuring to the Parties hereto, Plaintiff fully and finally releases and forever discharges: (1) JeJe, (2) Lee, (3) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of JeJe and (4) any current or former office, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) or any entity referenced in or encompassed by subsection (1) or (2) hereof (collectively, "JeJe Enterprises Releasees"), of and from any and all matters of claims, damages, demands, actions, liabilities, responsibilities, causes of action, that were or could have been brought in the Lawsuit. This release includes, but is not limited to, wage and hour claims under federal, state or local law for hours worked, including such claims under the Fair Labor Standards Act or any state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, or pursuant to express or implied wage contract claims for hours worked.

JL

### Nondisparagement

The Parties shall not disparage each other in any form or fashion, whether in writing, orally or otherwise. If any Party is subpoenaed to testify concerning the actions of another Party, such subpoenaed Party will provide prior notice to such other Party. If either Defendant is contacted by another employer seeking an employment reference for Hood, they shall make no reference to this Lawsuit and shall provide no information to such prospective employer, either directly or indirectly, other than Plaintiff's dates of employment and the title of the position she held as a JeJe employee. If Plaintiff is questioned by anyone about the resolution of the Lawsuit, she will reply only that the matter has been resolved.

### Representations and Warranties

Each Party hereby represents and warrants that it has not filed, caused to be filed, or presently are a party to any claim against any of the other Parties, except those currently pending in the Lawsuit. Each Party further represents and warrants that it is the sole owner of all claims with respect to the matters released herein, that it has the full authority to release all claims released herein, and that it has not assigned or transferred, nor purported to assign or transfer, any interest in any of the claims released above to any other person or entity. Each Party hereby agrees to indemnify and hold the other Parties harmless from any liability, claim, demand,

cost, damage and expense, including, but not limited to, reasonable attorney's fees and costs, incurred as a result of any such assignment or transfer.

## Governing Law

This Agreement shall be governed by and interpreted in accordance with the laws of the State of Georgia, without regard to its choice of law provisions. In the event of a breach of any provision of this Agreement, a Party may institute and action specifically to enforce any term or terms of this Agreement and/or seek damages for breach. This Agreement is not severable.

## No Admission of Wrongdoing

The Parties agree that neither this Agreement nor the furnishing of consideration for this Agreement shall be deemed or construed, at any time, for any purpose, as an admission by any Party to this Agreement, of wrongdoing or evidence of liability or unlawful conduct of any kind.

## Amendments and Waivers

This Agreement and each of its terms may not be waived, changed, modified, amended, or altered except by a further written agreement signed by all of the Parties hereto, or in the case of a waiver, by the Party against whom the waiver is to be effective.

## Entire Agreement and Merger

This Agreement shall constitute the complete agreement and understanding of the Parties hereto, including their attorneys, with respect to the subject matter hereto, and fully supersedes any prior agreements or understandings between the Parties. The Parties represent and warrant that they have not relied upon any, and there are no, written or oral statements, promises, representations, conditions, inducements or agreements other than those expressly set forth in this Agreement.

### Successors and Assigns

This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their heirs, legal representatives, successors, and assigns.

### Counterparts; Email Signatures

This Agreement may be executed in any number of counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and delivery of an executed counterpart by .pdf or other electronic means shall be equally effective as delivery of an original, manually executed counterpart of this Agreement. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

### Invalid Without Court Approval

This Agreement is subject to approval by the United States District Court in which the Lawsuit is pending. If the District Court denies approval, this Agreement shall be deemed null and void, of no force and effect, of no probative value, and the Parties hereto represent, warrant, and covenant that in that event it will not be used or referred to for any purpose whatsoever regarding the pursuit of the claims or defenses at issue in the Litigation. If the Court denies approval of the settlement, the Parties shall return to their respective positions immediately prior to the execution of this Agreement; but further agree to mutually request immediate referral to a U.S. Magistrate Judge for mediation to address any issues precluding judicial approval.

**Retention of Jurisdiction**

The Parties shall request that the District Court retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the settlement embodied in this Agreement and all orders and judgements entered in connection therewith.

## Power to Enter Agreement

The Parties represent to one another that they have the power and are duly authorized to enter into this Agreement with regard to all matters described herein upon the terms set forth and that the persons executing this Agreement are the authorized agents of the respective Parties for the purposes of executing this Agreement.

## Further Assurances

Each Party agrees that it will take any and all necessary steps, sign and execute any and all necessary documents, agreements or instruments which are required to implement the terms of this Agreement and each Party will refrain from taking any action, either expressly or impliedly, which would have the effect of prohibiting or hindering the performance of the other Party to this Agreement.

## Enforcement - Attorneys' Fees and Costs

In any action between the Parties to enforce this Agreement, including but not limited to the mutual non-disparagement term set forth above, the prevailing Party shall be entitled to recover its costs of litigation, including its reasonable attorneys' fees, in addition to any damages, or other relief, injunctive or otherwise, to which it may otherwise be entitled.

JL

## Acknowledgements

Each Party has received independent legal advice as to the nature and obligations of this Agreement, and each has been fully informed of its or his respective legal rights, obligations and liabilities as set forth therein. Each Party has entered into this Agreement freely and voluntarily and of its or his own free will and accord without any threat or force or duress in any form or nature whatsoever. In the event of an ambiguity or question of intent, this Agreement shall be construed as if drafted jointly by the Parties hereto, and no presumption or burden of proof shall arise favoring or disfavoring any party hereto by virtue of the authorship of any of the provisions of this Agreement.

## Construction

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning.

## Survival.

The Parties agree that all of the terms of this Agreement, including, but not limited to, the representations and warranties contained herein, shall survive the execution and delivery of this Agreement.

[signatures on succeeding page]

JL

**IN WITNESS WHEREOF**, the Parties have hereto set their hands and seals, effective on the date and year first stated above.

**By Chin Hui Hood**

_____

Date: 10. 21. 2016

---

**For JeEJe Enterprises, Inc.**

_____

By: **Joseph Lee, Its President and CEO**

Date: 10 - 12 - 2016

---

**By Joseph Lee**

_____

Date: 10 - 12 - 2016